In ex parte Champion, 52 Alabama, 311, the court said that a prisoner ought not to be discharged without all the witnesses that had previously been examined against him, if still living and attainable, being produced and examined.

In the absence of a material witness, the only question should be bail, if the offense were bailable, until the prisoner was discharged by due course of law.

---

# Court of Appeals.

October 2, 1900.

## ELMER STAHL v. CLARENCE M. ROOF.

(164 N. Y. 162.)

GAME LAW—LAWS 1892, CH. 488, § 246.

> Section 246, of the Game Law, which provides that any justice of the peace, police justice or magistrate having criminal jurisdiction, on proof that any of the provisions of the statute has been violated by any persons temporarily within his jurisdiction, but not residing there permanently, or by any person whose name and residence are unknown, shall issue his warrant for the arrest of such offender, and cause him to be committed or held to bail, does not authorize the arrest of a person for trespassing on a private park, and taking fish therefrom, and holding him to bail to answer any liability to the owner, as such liability is to be asserted and enforced in a civil action.

APPEAL from a judgment of the appellate division of the supreme court in the third judicial department, entered January 18, 1898, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at circuit.

The nature of the action and the facts, so far as material, are stated in the opinion.

W. D. Brinnier and Alvah S. Newcomb, for appellant.

A. H. Van Buren, for respondent.

CULLEN, J.—On the 8th day of June, 1892, the plaintiff was arrested under a warrant issued by the police justice of the town of Saugerties, upon the complaint of the defendant, by which the plaintiff was charged with violating section 215 of chapter 488 of the Laws of 1892, known as the Game Law, in trespassing on the private park of the defendant and taking fish therefrom. On June 11th the plaintiff was brought before the county judge of Ulster county on a writ of habeas corpus and application was made for his discharge on the ground that no offense was charged in the warrant. The application was denied and the plaintiff remanded to custody. On June 13th he was tried before a jury and acquitted of the charge made against him. Thereafter he brought this action for damages for such arrest, and the complaint charged, though not in separate counts, both false imprisonment and malicious prosecution. At the close of the evidence on the part of the plaintiff the complaint was dismissed and a judgment entered on that dismissal was affirmed by the appellate division by a divided court.

The arrest of the plaintiff was illegal and the cause of action for false imprisonment was clearly made out. Article IX of the Game Law (sections 210 to 217) forbids trespassing on private grounds for the purpose of hunting or fishing where the owner of such grounds posts and maintains certain notices required by the article. Section 217 provides: " Violations of the provisions of this article subject the person violating to exemplary damages in amount not more than twenty-five dollars for each violation in addition to the actual damages sustained by the owner or lessee." No provision of the statute, as it existed at the time of the plaintiff's arrest, made such trespass criminal or subjected the trespasser to other penalty than that quoted. This is conceded by the learned counsel for the respondent and was so held by the courts below. The justification of the plaintiff's arrest is based on section 246 of the statute, which provides that any justice of the peace, police justice or magistrate having criminal jurisdiction, on

proof by affidavit that any of the provisions of the statute has been violated by any persons temporarily within his jurisdiction, but not residing there permanently, or by any person whose name and residence are unknown, shall issue his warrant for the arrest of such offender and cause him to be committed or held to bail to answer the charge against him. It is contended that under this section the magistrate was authorized to arrest the plaintiff and commit him or hold him to bail to answer any liability to the defendant, though such liability could only be asserted and enforced in a civil action. We think this view erroneous. By the Game Law many acts are made misdemeanors and subject to criminal prosecutions, while other acts subject the offender to penalties to be enforced in civil actions either by the People or by the private person aggrieved. Article X of the statute deals with the subject of prosecutions; the first part of the article (sections 230 to 242) regulates civil prosecutions for penalties; the remainder of the article is devoted to criminal proceedings. Section 243 authorizes the arrest by any protector or peace officer of a person committing a misdemeanor under the provisions of the act. Section 244 provides what courts shall have jurisdiction to try such offenders. Section 245 prescribes the punishment that may be imposed upon conviction of a misdemeanor under the provisions of the statute. Then is found section 246, already quoted. Section 247 authorizes the issue of a search warrant by any magistrate having criminal jurisdiction. The place in the statute where section 246 is found and the rule *noscitur a sociis* determine the proper construction of the section and show that it was intended to apply only to criminal offenses. The other interpretation would produce most anomalous and oppressive results. Where a defendant is arrested in a civil action the plaintiff is required to give an undertaking to indemnify the defendant in case the arrest be determined to be improper or the action result in his favor. If the defendant makes no defense and is in custody, judgment must be entered against him and exe-

cution against his person issued within specified periods of time so that he may not be indefinitely detained under mesne process. In the case of arrest on a criminal charge the right to a speedy examination and trial is secured by statute. But, if the doctrine which has hitherto obtained in this case is to prevail, for how long or until what time is a defendant arrested under section 246 for an offense which subjects him to a civil prosecution to be committed? What requirement is there that the prosecutor shall institute his action and serve the defendant with process within any prescribed time? It is entirely impracticable to engraft this procedure for summary arrest by a criminal magistrate upon a civil action, and we are clear that the legislature had no such intent.

The judgment should be reversed and a new trial ordered, costs to abide the event.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT and VANN, JJ., concur; LANDON, J., not sitting.

Judgment reversed, etc.